# In re CARGO OF INTOXICATING LIQUORS LATELY ON BOARD THE PATARA.

## No. 2347.

District Court, E. D. New York.
Sept. 25, 1929.

See, also, 40 F.(2d) 74.

Macklin, Brown, Lenahan & Speer, of New York City (Paul Speer, of New York City, of counsel), for petitioners.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

CAMPBELL, District Judge.

This is a motion made on the return of an order to show cause why a libel should not be filed by the United States of America for the forfeiture of cargo of intoxicating liquors lately on board the schooner Patara, or, in the alternative, why the cargo of liquors should not be surrendered and given up to the petitioners.

The schooner Patara, with a cargo of intoxicating liquors on board, the return of which is sought on this motion if a libel of forfeiture is not filed, was seized by a Coast Guard cutter outside the jurisdictional limits of the United States and with her cargo on board was brought into New York Harbor and delivered to the collector of customs.

The Patara was subsequently towed into the district of New Jersey, where she was seized and a libel of forfeiture filed against the schooner and her cargo, but the cargo was not in the district of New Jersey at the time that the Patara was seized by the marshal of that district, but was in the Army Base at Brooklyn, N. Y., and in the Eastern district of New York, where it is alleged that it may now be found.

Thereafter, on the 30th day of September, 1925, a decree of forfeiture was granted on default, in the United States District Court of the District of New Jersey, against the schooner Patara.

Thereafter Frederick W. Carline appeared specially as the alleged owner of said vessel and cargo and moved to open the decree entered by default on September 30, 1925, condemning the said schooner, and that the said libel as against the vessel should be dismissed, and that the libel as against the cargo should be dismissed, and subsequently, and in the month of January of this year, the said United States District Court of the District of New Jersey denied the motion to dismiss the libel as to the schooner Patara, but dismissed the libel as to the cargo because of lack of jurisdiction of that court thereover.

It is alleged that the said Frederick W. Carline, who claimed to be the owner of said vessel and her cargo, has departed this life, and that on July 18, 1929, at Halifax, Nova Scotia, the administratrix of his estate made and executed an absolute bill of sale of all of her right, title, and interest in and to the cargo of liquor ex ship Patara, now under seizure by the government of the United States, to Ernest Folquet and Eugene Folquet of St. Pierre, Miquelon, and they, as coparties trading under the firm name of Folquet Freres, are the petitioners herein.

██ But one ground of opposition to this motion in so far as it relates to the filing of a libel is seriously urged, but, in so far as it relates to the return of the liquor, several are urged.

The one ground of opposition referred to applies to the motion as a whole both in relation to the filing of a libel and the return of the cargo, and is in effect that the petitioners have no standing either to move to compel the filing of a libel or the return of the cargo.

The respondent contends that what the deceased, Frederick W. Carline, had if he was the owner of the said cargo was a claim against the United States, and that, although on his death that claim passed by operation of law to the administratrix of his estate, Price v. Forrest, 173 U. S. 410, 19 S. Ct. 434, 43 L. Ed. 749, the assignment by the administratrix to the petitioners was void under title 31, c. 6, § 203, United States Code, which reads as follows:

"§ 203. *Assignments of Claims Void.* All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part or share, thereof, except as provided in section 204 of this title, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. Such transfers, assignments, and powers of attorney, must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer, at the time of the acknowledgment, read and fully explained the transfer, assignment, or warrant of attorney to the person acknowledging the same. The provisions of this section shall not apply to payments for rent of post-office quarters made by postmasters to duly authorized agents of the lessors."

This section, except the last sentence, is from Rev. St. § 3477, May 27, 1908, c. 206, 35 Stat. 411, which was derived from Act July 29, 1846, c. 66, 9 Stat. 41, and Act February 26, 1853, c. 81, § 1, 10 Stat. 170.

At the time the alleged bill of sale was executed by the administratrix of the estate of Frederick W. Carline to the petitioners, there was no change of possession, as the property was not in the possession of the said administratrix but of the respondent the United States of America, and what was really transferred by said alleged bill of sale

was a claim against the United States for the return of said cargo or its value.

The case of United States v. Gillis, 95 U. S. 407, 417, 24 L. Ed. 503, appears to me to be in point, and in it the court in its opinion said: "It is thus plain that only he who can claim as an owner of the property captured or abandoned, and who can prove such ownership, is permitted to sue and recover. The assignee of a claim for the proceeds is not such an owner of the property captured. That the ownership claimed and required to be proved is that which existed at the time of the capture, is quite plain."

The court further stated: "No language could be broader or more emphatic than these enactments. The words embrace every claim against the United States, however arising, of whatever nature it may be, and wherever and whenever presented."

This case has been repeatedly cited with approval.

The respondent in addition also cites National Bank of Commerce v. Downie, Trustee, 218 U. S. 345, 31 S. Ct. 89, 54 L. Ed. 1065, 20 Ann. Cas. 1116; Hall v. Chandler (C. C. A.) 289 F. 675; Spofford v. Kirk, 97 U. S. 484, 24 L. Ed. 1032; and Nutt v. Knut, 200 U. S. 13, 26 S. Ct. 216, 50 L. Ed. 348—in all of which U. S. v. Gillis, supra, is cited with approval and followed.

The petitioner cites Floyd Acceptance Cases, 7 Wall. 666, 19 L. Ed. 169, and 22 Op. Atty. Gen. 637, but these citations relate to decisions in which commercial paper was involved, and I do not consider them in point.

The transfer to the petitioners was void, and therefore they are not parties in interest authorized to make this motion.

That the respondent should at once file a libel and proceed to bring about a forfeiture, if such may be decreed, or return the cargo to the owner if forfeiture is denied, cannot be questioned, but I cannot make any order requiring such action on the part of the respondent on the motion of the petitioners.

The opposition of the respondent is not simply technical, but is for the protection of all of its rights, by preventing the separation of ownership of the cargo claim from the ownership of the vessel, both being owned by the same person at the time of seizure; the owner of the cargo being chargeable with his acts and notice as owner of the vessel.

The owner is not deprived of asserting her rights if any but the petitioners have no rights.

The motion is denied.